Mr. Justice Shepard
delivered the opinion of the Court:
This is an interference case having the following issue:
“1. The process of refrigerating or liquefying aeriform fluid, which consists in subjecting it to successive and increasing cooling actions of expanded aeriform fluid of increasing intensity and insulating each successive step in said cooling actions by that preceding it.
“ 2. In a condenser for refrigerating and liquefying aeriform fluid, the combination of an expanding chamber and a series of cooling channels, each successive channel being of lower temperature than and arranged within the channel preceding it.
“3. In a condenser for refrigerating and liquefying aeriform fluid, the combination of an expanding chamber and a series of cooling channels, communicating with each other, each successive channel being of lower temperature than and arranged within the channel preceding it.”
Count 1 is for a process of liquefying air, and counts 2 and 3 cover the apparatus by which that process may be carried into operation.
Each tribunal of the Patent Office has decided in favor of Tripler and the appeal is from the final decision of the Commissioner. There seems to be no doubt, and it is practically conceded, that Tripler is entitled to the award of priority if the invention of the issue is covered by his application.
It is contended on behalf of the appellants, Oscar Patrie Ostergren and Moritz Burger, as it was before the examiners in chief and Commissioner in succession, that the application of Charles E. Tripler neither covers nor even suggests the second step of the process of count 1-; and that it can not be carried out upon his apparatus. The argument, *559 throughout, has been that there is no interference in fact between the two applications; but no motion was made for the dissolution of the interference as should have been the case. The examiners in chief declined to consider the question as regularly involved in the appeal; but considered and determined it under the power conferred on them in all cases of interference, to call the attention of the Commissioner to any matter not relating to priority, which may have come to their notice, and which in their opinion may show that no interference really exists, or that there has been irregularity in declaring the same.
The question was discussed in their decision at length, and they all agreed in the conclusion that the interference had been properly and regularly declared. TheOommissioner also considered the question carefully and sustained the declaration.
For reasons given in many 'previous decisions, and reiterated in the recent case of Schupphaus.v. Stevens, we must, on this appeal, accept the adjudication of the Patent Office tribunals as conclusive of the question "whether the invention specified in the issue is shown in the application of Tripler or covered thereby, and therefore authorized the declaration of interference.
Upon the assumption, however, that Tripler’s application and proper claims thereunder show the invention of the issue, the appellants further contend that the history of the proceedings in the Patent Office brings the case within the doctrine of Bechman v. Wood, 15 App. D. C. 484, and requires a similar decision.
As we understand the proceedings in the office prior to the declaration of interference, they do not support this contention.
Tripler filed his application April 12, 1897, setting up twenty-eight claims. These met with various objections on references, and underwent frequent amendment to meet the same.
*560 The original application of Ostergren and Burger was filed June 2, 1897. This application was finally allowed September 29, 1898.
On December 13, 1898, they applied for leave to withdraw the application from issue for further action, for the purposeof submitting three additional claims,saying therein: “In this case, as appears from- the petition, the claims of the present application are so narrow in form that applicants’ real invention is not covered thereby, and if the application is allowed to pass to issue in its present form the patentees would, by such action, abandon the most valuable part of their invention, inasmuch as the broad and generic invention is clearly described and shown in the specification and drawings, but is not covered by any of the existing claims.”
The three claims set out in the accompanying petition are- substantially those of this issue. The petition was denied on January 10, 1899. On January 30, 1899, they filed the application upon which the interference was declared. In this they referred to the former application and said: “In making this application we hereby disclaim any intention of abandoning any portion of the invention therein described or claimed.”
On March 9, 1899, they filed a notice that having filed a substituted application on January 30, they withdrew and abandoned the first application. On this the following entry was made in the Patent Office: “Abandoned and case withdrawn from files of Issue and Gazette Division March 14, 1899.”
The applicants could not by these recitals evade or override the action of the Patent Office in refusing their petition for withdrawal and abandonment. They did not seek to bring themselves within the provisions of section 4897, Devised Statutes, and obtain the benefit of a renewal application subject to the conditions therein declared. On the other hand, they deliberately abandoned and withdrew the *561 first application after having filed the second. The abandonment was then as complete as that provided for in section 4894, and the consequences must be the same. Carty v. Kellogg, 7 App. D. C. 542; Hein v. Pungs, 68 O. G. 657.
Proceeding upon the assumption that the application of Tripler, which was first of all in the office, was sufficient in its specifications to disclose and cover the several counts of the issue, the situation of the appellants is somewhat analogous to that of Wood, and wholly different from that of Bechman, in the case relied on. 15 App. D. C. 484.
It has been forcibly argued by the examiners in chief that the specifications of the application of Ostergren and Burger, “contain"no language which is the same as the language of the issue, and no expressions which either directly or indirectly refer to the steps of the process that is set up in count 1, or to the channels of the apparatus that are covered by counts 2 and 3.”
This, if true, would of itself effectually prevent any application of the doctrine of Bechman v. Wood. We regard its consideration, however, as also precluded by the previous declaration of interference; it is, besides, unnecessary. The case at bar is distinguishable from Bechman v. Wood, also, upon some of the grounds assigned in a later case which it more nearly resembles. McBerty v. Cook, 16 App. D. C. 133, 138.
There being no other ground of error, the decision appealed from will be affirmed. It is so ordered, and further that this decision be certified to the Commissioner of Patents. Affirmed.
A motion for rehearing was overruled.